OPINION OF THE COURT
John V. Aylward, J.
This appeal is from a money judgment entered in the Small Claims Part of the City Court of Watertown in favor of plaintiff-respondent in the amount of $207.90, plus costs of $7.05, for a total judgment of $214.95. The plaintiff-respondent’s claim in Small Claims Court is for stenographic fees for the typing of two copies of a trial transcript of a criminal trial held in Town Justice Court, Town of Alexandria, Jefferson County, New York, wherein appellant was retained to represent the defendant in that trial (People v Michael De Seve). The transcripts were ordered by defendant-appellant for the purpose of perfecting an appeal from the Town Court conviction to the County Court, which appeal is presently pending in this court.
Respondent is a registered professional court reporter and was employed on a per diem basis by the District Attorney of Jefferson County pursuant to section 703-a of the County Law, to take the testimony of the criminal trial in the Town Court, Town of Alexandria. She also is employed by the District Attorney to take testimony in other criminal trials before magistrates in other Village and Town Courts in Jefferson County on a per diem basis.
Respondent is paid by the County of Jefferson for the taking of trial testimony in Justice Courts at the rate of *665 $50 per diem, plus mileage. In addition thereto, pursuant to section 703-a of the County Law, respondent is paid for transcripts of court testimony furnished to the District Attorney at the same rate per folio as is allowed to stenographers of the County Court. CPLR 8002 fixes the folio rate of County Court reporters at the rate of 30 cents per folio — the equivalent of 60 cents per page.
On behalf of his client, defendant-appellant requested an original and one copy of the trial transcript of the Town Court trial in the Michael De Seve case, which was provided to Attorney Scordo and he was billed at the rate of 60 cents per page for the 126-page copy required to be filed in the appellate court, i.e., $75.60, and $2.25 per page for the attorney’s copy, i.e., $283.50, for a total bill of $359.10. Defendant-appellant has paid respondent $151.20 for the two copies of the transcript, computed at the rate of 60 cents per page, per copy. The lawsuit brought in Small Claims Court by respondent is for the balance claimed to be due and owing.
Respondent contends that since the defendant was retained to represent the criminal defendant De Seve, and because she is not an employee of the Unified Court System, she is free to bill the attorney any sum she deems reasonable for his copy of the transcript, and that she is not bound by the limitations in CPLR 8002, which provides the following: “a stenographer is entitled, for a copy fully written out from his stenographic notes of testimony or other proceedings taken in court and furnished upon request to a party or his attorney, to a fee of thirty cents for each folio.” (Emphasis supplied.)
The Watertown City Judge determined that respondent was neither an officer of the court, nor an official stenographer and therefore CPLR 8002 did not apply to her and that she was not bound by those limitations.
This court disagrees.
CPLR 8002 applies to any stenographer who is designated to take trial testimony in a court. It matters not whether that stenographer is labeled an official stenographer, a quasi-official stenographer, a free-lance reporter, an independent contractor, or a per diem stenographer. Plaintiff is a stenographer engaged to take court proceed *666 ings within the meaning of CPLR 8002, and she is bound by its terms.
A defendant in a criminal action is part of a captive audience — he is not there by choice. The Legislature in its wisdom has determined that stenographers in a court setting are “ ‘monopolists of the material they transcribe, [and] should be subject to regulation’ ” (8 Weinstein-KornMiller, NY Civ Prac, par 8002.01).
Further evidence of such legislative intent is found in the UJCA 1911 (subd [c]): “Stenographer’s fees. A stenographer provided by the municipality shall be entitled to such fees as the municipality prescribes, not to exceed those prescribed by the CPLR” (emphasis supplied).
The respondent is a per diem employee paid by a municipality, namely, the County of Jefferson. CPLR 8002 applies to this respondent. If the law were otherwise, a criminal appellant in a Town or Village Justice Court would be penalized monetarily in exercising his right to appeal his conviction, as distinguished from a criminal appellant in the City Court of Watertown, where a court reporter is employed by the Uniform Court System.
The administrative aspects of justice must be uniform.
Parenthetically, this decision applies to any stenographer in a court setting, whether privately retained counsel pays for the transcript or whether the stenographic services are rendered to a defendant who has assigned counsel. The court reporter is limited by the provisions of CPLR 8002 for “in court” proceedings.
Plaintiff’s judgment is reversed and her claim is dismissed, with costs.
This appeal to County Court is appropriately made to the County Court pursuant to section 1807 of the Uniform City Court Act, in that substantial justice was not done between the parties according to the rules and principles of substantive law.
This decision constitutes the order of this court and is made solely on the law.